IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SOLO INSURANCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUINSTREET, INC. <br> **Serve via registered agent:** <br>     **221 Bolivar Street** <br>     **Jefferson City, Missouri 65101** <br><br> QUINSTREET INSURANCE <br> AGENCY, INC. <br> **Serve via registered agent:** <br>     **221 Bolivar Street** <br>     **Jefferson City, Missouri 65101** <br><br> Defendants. | Case No: |

## COMPLAINT

COMES NOW Plaintiff Solo Insurance Services, Inc. ("Solo"), by and through undersigned counsel, and for its causes of action against Defendants QuinStreet, Inc. and QuinStreet Insurance Agency, Inc. states as follows:

### Nature of the Action

1.   This is an action seeking to hold QuinStreet, Inc. and QuinStreet Insurance Agency, Inc. (collectively "Defendants") accountable for infringing, diluting, and otherwise diminishing the value of Solo's intellectual property. Defendants' use of SOLO INSURANCE in marketing and within online metadata infringed on Solo's distinctive and famous trademark in the name SOLO INSURANCE® (the "Mark"), a name that Solo has used since 1990 to refer to its own insurance services. Defendants' unlawful use of the Mark is designed to purposefully redirect consumer interested in insurance products away from Solo and toward Defendants',

1

thereby harming Solo and confusing its customers. In addition to utilizing a highly similar name, Defendants are utilizing the Mark within the same marketing stream, which directly competes with Solo and confuses customers. The screen capture below is the result of a web search on www.Google.com for "Solo Insurance" on July 17, 2025, taken in St. Louis, Missouri. The image shows Defendants' infringing use of the Mark. Notably, Defendants' infringing use appears before Solo's use of the Mark, and the content following Defendants' link has no reference or connection to "Solo Insurance."



## The Parties

2. Plaintiff Solo Insurance Services, Inc. ("Solo") is a corporation organized and existing under Missouri law and a resident of St. Louis County, Missouri.

3. Upon information and belief, QuinStreet, Inc. ("QuinStreet") is a corporation organized and existing under the laws of the State of Delaware and operating out of the State of California and the State of Missouri, who may be legally served via its registered agent CSC-Lawyers Incorporating Service at 221 Bolivar Street, Jefferson City, Missouri 65101.

4. Upon information and belief, Defendant QuinStreet Insurance Agency, Inc. is a corporation organized and existing under the laws of the State of Florida and operating out of the State of California and the State of Missouri, who may be legally served via its registered agent CSC-Lawyers Incorporating Service at 221 Bolivar Street, Jefferson City, Missouri 65101.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 because this is action alleges infringement of a federally registered trademark under the Lanham Act (15 U.S.C. §§ 1114(1)), *inter alia,* and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b) with respect to the claims arising under the laws of the State of Missouri.

6. The Court also has jurisdiction under 28 U.S.C. §§ 1332 because the amount in controversy between the parties exceeds $75,000.00, and there is complete diversity between Solo, a Missouri corporation and QuinStreet, a Delaware corporation, and QuinStreet Insurance, a Florida corporation.

7. This Court has personal jurisdiction over Defendants because, *inter alia*, both defendants regularly conduct business in Missouri through their online marketing efforts and website, as demonstrated by the Google.com web search shown above, creating contacts within this jurisdiction. Defendants offer products and services that directly compete with Solo's products and services in this judicial district and have unlawfully Solo's registered trademark in online advertising disseminated in this judicial district to offer competing goods for sale in this judicial district. Moreover, Defendants maintain a registered office and are authorized to conduct business in the State of Missouri.

8. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants' infringing use of the Mark has caused injury to Solo and to consumers in Missouri.

9. Venue in this county is proper under 28 U.S.C. § 1391 because Defendants conduct and have conducted business in this judicial district, Solo has suffered injury in this district, and because this Court has personal jurisdiction over Defendants in this district.

**Allegations Common to All Claims for Relief**

A. **Solo's Business and its SOLO INSURANCE® Mark.**

10. Since 1990, Solo has worked as an insurance broker in the St. Louis Metro area under the name "SOLO INSURANCE", offering a variety of insurance products to consumers, including auto, home, and business. Through its efforts, Solo is a leading insurance broker in the St. Louis Metro area.

11. Solo first used "SOLO INSURANCE" in commerce in December 1990.

12. To capitalize on and protect its rights and goodwill in its business name, Solo applied to register the name "SOLO INSURANCE" with the United States Patent and Trademark Office ("USPTO"). The USPTO granted the trademark on April 11, 2017, registration no. 5,180,976. Solo's Certificate of Trademark is attached hereto as Exhibit 1 and incorporated herein for all purposes.

13. Solo's trademark grants it the exclusive right to the word mark "SOLO INSURNCE" in connection with an insurance agency and brokerage. No claim is made to the exclusive right to use "insurance" apart from the Mark.

14. The Mark is distinctive, particularly within the confines of an Internet search, and a potential consumer would easily differentiate "SOLO INSURANCE" from other insurance agencies and brokerages.

15.     The Mark remains in full force and effect, giving rise to presumptions of validity, ownership, and exclusive rights to use the Mark throughout the United States in favor of Solo.

16.     Solo has devoted significant time, effort, and resources to the development, protection, and promotion of the Mark throughout the United States, primarily throughout Missouri, continuously since at least December 1990.

**B.      Defendants' Unauthorized and Prominent Use of the SOLO INSURANCE® Mark in Advertising.**

17.     QuinStreet works as a digital marketing company that drives online leads to QuinStreet Insurance through a variety of techniques, including pay-per-click advertisement campaigns.

18.     QuinStreet Insurance is an online insurance broker, soliciting consumers to apply for auto, home, home, life, motorcycle, and small business insurance to several insurance companies through its online portal.

19.     In September 2024, Solo became aware of Defendants using "SOLO INSURANCE" in various digital marketing streams, including Google AdWords and Microsoft Advertising through Bing.

20.     Defendants employed the keyword "SOLO INSURANCE" to ensure its advertisements, featuring the Mark, would appear alongside legitimate advertisements and links to Solo's website and contact information. Examples of the Defendants' uses of the Mark within online advertising is attached hereto as Exhibit 2 and is incorporated herein for all purposes.

21.      Defendants have directly, intentionally, and deceptively misappropriated and used the Mark and traded off of the goodwill of the Mark from at least September 17, 2024 through the present, to direct consumers searching for Solo away from Solo and to Defendants' services/products.

5

22. Upon information and belief, Defendants have directly, intentionally, and deceptively misappropriated and used the Mark and traded off of the goodwill of the Mark before September 17, 2024.

23. Solo requested that Defendants cease and desist their infringing uses of the Mark.

24. Defendants have not stopped using the Mark.

25. Consumers searching for Solo Insurance and looking for quotes on auto, home, business and life insurance have been confused by Defendants' infringing use of the Mark when searching on the Internet.

26. Defendants' use of the Mark gave and continues to give consumers the false impression that clicking on the associated web links would take them to Solo's website. This advertising tactic is highly likely to confuse, mislead, and deceive consumers as to the source of insurance products and services.

27. Solo did not consent to, sponsor, endorse, or approve in any way Defendants' uses of the Mark or any variations of the Mark.

**FIRST CAUSE OF ACTION**
**Federal Trademark Infringement (15 U.S.C. § 1114(1))**

28. Solo repleads, restates and incorporates all preceding paragraphs by reference as if fully set forth herein in their entirety.

29. Solo possesses valid and enforceable rights in the SOLO INSURANCE® mark in connection with all of the goods and services at issue in this case by virtue of its extensive use, registration, promotion, and advertisement of the SOLO INSURANCE® mark, and has possessed such rights at all times material hereto.

30. By virtue of its extensive use, registration, advertising, promotion, and consumer and marketplace recognition, the SOLO INSURANCE® mark is famous and distinctive, and is entitled to protection against likely dilution by blurring and by tarnishment.

31. Defendants' unauthorized use of the Mark in interstate commerce to advertise, promote, market, and offer for sale products and services covered by the Mark, as described above, constitutes willful trademark infringement under 15 U.S.C. §§ 1114(1), 1125 and is likely to cause consumer confusion, mistake, or deception.

32. Defendants commenced the activities complained of herein after the SOLO INSURANCE® mark was registered by the USPTO and had become famous.

33. Defendants' conduct is willful, deliberate, in bad faith, and undertaken with knowledge of Solo's prior rights, and with full knowledge that Defendants possess no right, license, or authority to use Solo's trademark or any confusingly similar variant thereof, including "Solo Insurance".

34. Defendants' purpose in using the Mark is to drive consumers using Google and Bing away from Solo and toward their own products and services, exploiting the goodwill Solo has built into the Mark.

35. Defendants' unauthorized use of the Mark is likely to cause confusion, or to cause mistake, or to deceive as to the sponsorship, affiliation, connection, or association of Defendants' commercial activities with Solo or Solo's commercial activities, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by the Solo.

36. By such wrongful acts, Defendants have caused, and unless restrained by the Court under 15 U.S.C. § 1116, will continue to cause, serious irreparable injury and damage to

Solo and to the goodwill associated with Solo's mark and loss of income and profits to Solo. This harm constitutes an injury for which Solo has no adequate remedy at law.

37. Solo is entitled to recover its damages, in an amount to be proven at trial, lost profits, and the costs of this action, pursuant to 15 U.S.C. § 1117.

38. Upon information and belief, Defendants' unauthorized and infringing uses of the Mark were and continue to be willful, and with the intent to cause confusion, mistake, or deception, entitling Solo to recover treble damages and reasonable attorney's fees under 15 U.S.C. § 1117.

39. Defendants' continued and knowing use of the Mark without Solo's consent or authorization constitutes intentional infringement of Solo's federally registered trademarks in violation of §43 of the Lanham Act., 15 U.S.C. § 1114. Based on such conduct, Solo is entitled to injunctive relief, as well as monetary damages, and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorney's fees, costs, and prejudgment interest.

## SECOND CAUSE OF ACTION
**Trademark Dilution Under the Lanham Act, 15 U.S.C. § 1125**

40. Solo repleads, restates and incorporates all preceding paragraphs by reference as if fully set forth herein in their entirety.

41. Solo's Mark is distinctive and famous within the meaning of the Lanham Act.

42. Upon information and belief, Defendants' unauthorized acts began long after Solo's Mark became famous.

43. Defendants acted knowingly, deliberately and willfully with the intent to trade upon Solo's reputation and to dilute Solo's Mark, rendering Defendants' conduct willful, wanton and egregious.

8

44. Defendant use the Mark in their advertisements because the Mark is famous and generates significant consumer web traffic from several States.

45. Defendants' intentional use of Solo's Mark in Google Adwords, Microsoft Advertising, and other online advertising is likely to cause confusion, mistake, or to deceive, mislead, betray and defraud consumers to believe that Defendants' products and services are those of Solo. Such actions dilute and continue to dilute Solo's Mark and are likely to impair the distinctiveness, strength and value of Solo's Mark, injuring Solo's business reputation.

46. Defendants' aforementioned unauthorized acts constitute trademark dilution in violation of the Lanham Act, Section 43(c), 15 U.S.C. § 1125(c).

47. By such wrongful acts, Defendants have caused, and unless restrained by the Court under 15 U.S.C. § 1116, will continue to cause, serious irreparable injury and damage to Solo and to the goodwill associated with Solo's mark and loss of income and profits to Solo. This harm constitutes an injury for which Solo has no adequate remedy at law.

48. Defendants' willful violation of §43(c) of the Lanham Act. 15 U.S.C. § 1125(c), and, subsequently, Solo is entitled to injunctive relief, as well as monetary damages, and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants 'profits, treble damages, reasonable attorney's fees, costs, and prejudgment interest.

### THIRD CAUSE OF ACTION
**False Designation of Origin & Unfair Competition, 15 U.S.C. § 1125(a)**

49. Solo repleads, restates and incorporates all preceding paragraphs by reference as if fully set forth herein in their entirety.

50. Defendants' unauthorized use of the Mark in interstate commerce to advertise, promote, market, and offer for sale products and services covered by the Mark, as described above, constitutes a false designation of origin or false representation that wrongfully and falsely

9

designates Defendants' products and services as originating from or connected with Solo, and constitutes the use of false descriptions or representations under 15 U.S.C. § 1125(a)

51. Defendants' unauthorized use of the Solo's marks is likely to cause confusion, or to cause mistake, or to deceive among consumers as to the sponsorship, affiliation, connection, or association of Defendants or Defendants' commercial activities with Solo or Solo's commercial activities, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by the Solo.

52. Defendants knew or should have known that their use of the Mark was likely to confuse and mislead consumers, including those searching for Solo online.

53. As a direct and proximate result of Defendants' unfair competition, Solo has suffered and will continue to suffer loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income profits and goodwill.

54. As a direct and proximate result of Defendants' intentional, unauthorized actions, Solo has suffered and will continue to suffer loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income, profits and goodwill. Thus, Solo is entitled to recover damages in amount to be proven at trial, lost profits, and the costs of this action under 15 U.S.C. § 1117.

55. Upon information and belief, Defendants' unauthorized uses of the Mark was willful and with the intent to cause confusion, mistake, or deception, entitling Solo to recover treble damages and reasonable attorney's fees under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION
### Missouri Unfair Competition and Passing Off

56. Solo repleads, restates and incorporates all preceding paragraphs by reference as if fully set forth herein in their entirety.

57. Defendants' unauthorized uses of the Mark were and are efforts to pass off upon the public Defendants' goods and services as those of Solo's.

58. Defendants' unauthorized uses of the Mark were and are calculated to deceive the ordinary consumer who is making his/her purchases under the ordinary conditions that prevail in the insurance services market.

59. Defendants' unauthorized uses of the Mark are attempts to benefit from the efforts and expenses expended by Solo to generate goodwill in the Mark with consumers.

60. The Mark has taken on secondary meaning and is understood by the public to mean Solo's products and services offered within the insurance services market.

61. Defendants have unfairly used the Mark to redirect consumers away from Solo, to the prejudice of Solo's interests.

62. As a direct and proximate result of Defendants' unfair competition, Solo has suffered and will continue to suffer loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income profits and goodwill.

## **PRAYER FOR RELIEF**

63. Solo is a direct competitor for customers with Defendants. Defendants' actions, as described above are likely to confuse and mislead consumers about the nature, quality, characteristics and/or source of the products and divert customers from Solo to Defendants. Defendants' conduct has caused and is causing irreparable injury to Solo and, unless enjoined by the Court, will continue to both damage Solo and to deceive the public. This harm constitutes an injury for which Solo has no adequate remedy at law.

WHEREFORE, Solo prays for relief from this Court as follows:

A. Enter judgment in its favor and against Defendants on all counts, specifically finding that Defendants engaged in trademark infringement, unfair competition, and trademark dilution in violation of the Lanham Act and Missouri law. Plaintiff respectfully requests that the Court enter judgment that Defendants acted willfully with respect to these violations of State and Federal law;

B. Enter a permanent injunction restraining Defendants, and their affiliates, assigns, licensees, and all those acting in privity or concert from:

   a. In any way diluting, using, displaying, advertising, copying, imitating, or infringing upon the SOLO INSURANCE mark;

   b. Using or displaying the SOLO INSURANCE mark or confusingly similar variations thereof, on or in connection with any products or in any written, oral, or audiovisual advertisements, displays, signs, sales, promotions, the Internet, or in any other public communication in connection with Defendants' goods, services, or referral partners;

   c. Otherwise diluting or infringement upon Solo's SOLO INSURANCE mark; and,

   d. Defendants be ordered to file with the Court and serve upon Solo within thirty days after issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116.

C. Order that Defendants provide an accounting to Solo of all monies gained by them from the use of the Mark and pay over to Solo all gains, profits and

  advantages derived from the conduct alleged herein, pursuant to 15 U.S.C. § 1117 and other applicable law;

D. Award Solo the actual damages that it sustained by reason of Defendants' conduct alleged herein, as well as three times the amount of Solo's actual damages, and Defendants' profits over the period that Defendants' used the Mark;

E. Award enhanced damages as provided by 15 U.S.C. § 1117 and other applicable law;

F. Order than QuinStreets pay Solo pre-judgment interest as provided by 15 U.S.C. § 1117 and other applicable law;

G. Order than QuinStreets pay Solo's attorneys' fees and costs in bringing this action as provided by 15 U.S.C. § 1117 and other applicable law;

H. Award Solo statutory damages of not less than $1,000.00 or more than $200,000.00 per counterfeit mark type of good or service sold or offered for sale, or, if the Court finds Defendants' use of the counterfeit Mark was willful, not than more than $2,000,000.00 per counterfeit mark type of good or service sold or offered for sale, pursuant to 15 U.S.C. § 1117(c) ; and

I. Such other relief this Court deems necessary and proper.

## JURY DEMAND

Solo hereby demands a trial by jury on all issues triable by jury which are raised herein.

Respectfully Submitted,

By: _____
Matthew T. Nagel, #59542MO
GROWE EISEN KARLEN EILERTS
120 South Central Ave. #150
St. Louis, Missouri 63105
P: (314) 725-1912
F: (314) 261-7326
MNagel@GroweEisen.com